## KRIVOKUCHA *v*. STATE OF INDIANA.

[No. 13,644.   Filed April 4, 1929.]

*H. S. Barr* and *A. E. Letsinger,* for appellant.
*Arthur L. Gilliom,* Attorney-General, and *Bernard A. Keltner,* Deputy Attorney-General, for the State.

McMahan, P. J.—Appellant was convicted of having possession of intoxicating liquor in violation of Acts 1925 p. 144, §4, §2717 Burns 1926.

Appellant was arrested without a warrant. The arresting officers found some intoxicating liquor in his possession. Before trial, he filed a motion to suppress the evidence upon the ground that the arrest and search were unlawful. The court heard evidence and denied the motion to suppress. The cause was then tried by the court without a jury, and appellant was fined and sentenced to serve time at the state farm. The overruling of appellant's motion for a new trial is assigned as error.

The only question which appellant attempts to present relates to the overruling of his motion to suppress the evidence procured and learned by reason of the alleged unlawful arrest and search. Appellant in his brief has, in a general way, set out the evidence given on the motion to suppress, but has not set out any of the evidence given on the trial of the cause on the merits. From appellant's brief we cannot tell whether any of the objectionable evidence was introduced. If it were not, the overruling of the motion to suppress, if error, was harmless.

Judgment affirmed.

## On Petition for Rehearing.

McMahan, C. J.—Appellant, in effect, concedes that the evidence introduced at the trial on the merits is not set out in his brief, saying, "it is not laborious in the least to examine the evidence" on certain pages of the record in order to determine whether it should have been set out in his brief. It might not require much labor on the part of the court to read the record to ascertain what evidence had been introduced at the trial,

470

but it is no part of the duties of this court to search the record to reverse. When an appellant presents a question the decision of which depends upon the evidence, the burden is upon the appellant to set out in his brief a recital of the evidence sufficient to enable the court to decide the question without going to the record for the purpose of ascertaining what the evidence is relating to the question involved.

Not only did appellant fail to set out the evidence given at the trial, but he failed to set out the motion to suppress, or the substance thereof. He contents himself by saying a petition to suppress was filed, and by giving a reference to certain pages of the record. An examination of the record, however, shows that the motion referred to in appellant's brief is the motion filed in the city court and not the motion filed in the criminal court. The brief states that such a motion was filed in the criminal court, that it was overruled and that appellant excepted. The line and page where such motion, ruling and exception can be found in the record is not shown. Moreover, appellant has failed to show that any exception was taken to the overruling of his motion for a new trial.

Rehearing denied.